IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN LUIS NEGRON-NEGRON, | : | |
| Petitioner, | : | 1:14-cv-882 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| THERESA A. DELBALSO, *et al.,* | : | |
| Respondents. | : | |

# MEMORANDUM

### May 16, 2014

On May 8, 2014, Petitioner, Juan Luis Negron-Negron, a prisoner currently incarcerated at the State Correctional Institute in Retreat, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his conviction in the Court of Common Pleas of Berks County, Pennsylvania.  (Doc. 1).  For the reasons set forth below, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

**I.    DISCUSSION**

A section 2254 petition may be brought in the federal judicial district of conviction or of confinement.  *See* 28 U.S.C. § 2241(d); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).  28 U.S.C. § 2241(d) provides where habeas corpus petitions should be filed, and states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

In order to achieve a uniformity of approach and to serve the interests of the litigants when hearings are required, Pennsylvania's three federal judicial districts have customarily transferred these petitions to the district of conviction. *See* 28 U.S.C. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination"); *see also McKeever v. McGrady*, 2008 WL 5101729 (E.D. Pa. 2008); *Fletcher v. Rozum*, 2008 WL 2609826 (W.D. Pa. 2008); *Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa. 2007).

In the present case, Petitioner is a state prisoner challenging a state conviction in a case that was prosecuted in the Court of Common Pleas of Berks County, Pennsylvania, within the Eastern District of Pennsylvania. Petitioner states that he pled guilty to possession with intent to deliver a controlled substance

and possession of a controlled substance, and was sentenced to seven (7) to twenty (20) years incarceration. (Doc. 1). He filed a motion for modification of sentence in the Berks County Court of Common Pleas, which was denied. (*Id.*). Petitioner appealed to the Superior Court of Pennsylvania, which denied his appeal and affirmed the lower court's judgment. (*Id.*). Petitioner is now challenging the Berks County judgment of sentence claiming that his sentence was illegal. (*Id.*).

The underlying offense, prosecution, and sentencing occurred within the United States District Court for the Eastern District of Pennsylvania. Additionally, the records and counsel are presumably located in the Eastern District. It would therefore be in the interests of justice to transfer this action to the Eastern District. *See In re Nwanze*, 242 F.3d 521 (3d Cir. 2001); *Pujas v. Pennsylvania*, 2012 WL 4832277 (M.D. Pa. 2012), *adopted by*, 2012 WL 4832276 (M.D. Pa. 2012). Further, there is no indication that the transfer of this petition would result in any substantial delay or prejudice to the Petitioner. *See Garcia v. Pugh*, 948 F. Supp. 20, 23 (E.D. Pa. 1996).

An appropriate Order follows.